

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

November 15, 1962

Honorable Charles L. Ballman, Chairman
House General Investigating Committee
Austin, Texas

Opinion No. WW-1476

Re: Term of office of Members of
the House of Representatives,
and related questions.

Dear Mr. Ballman:

Your request for an opinion on the above subject matter asks the following questions:

"1. What is the earliest date a newly elected member of the 58th Legislature can qualify for office by taking the oath prescribed by the Constitution?

"2. Does the annual salary of a member of the Legislature commence on the date he takes the oath of office? If not, on what date can such salary legally be commenced?

"3. On what date does the salary end for a member of the 57th Legislature who will not be a member of the 58th Legislature?

"4. Is your answer to question number 3 affected any way by the fact that the 58th Legislature was elected under the new Re-apportionment statute and the individual districts are not necessarily the same as those for the 57th Legislature?

"5. What is the status of a member of the 57th Legislature after November, 1962, whose district was officially abolished by the 1961 Re-apportionment Act? Does he continue to hold office until January or does he cease to be a member when the election results are certified by the Secretary of State?

"6. During the period from November, 1962, to January, 1963, should the salary of members of the Legislature continue to be paid on a monthly basis? If not, on what basis should it be paid? Does your answer apply both to members of the 57th who will not be members of the 58th, as well as to members of the 58th who were not members of the 57th?

"7. With respect to interim committees, when does a member of the 57th Legislature who will not be a member of the 58th Legislature cease to be eligible to serve on an interim committee?

"8. In view of the provisions of the Legislative Reorganization Act specifically prescribing the terms of members of the General Investigating Committee, is their authority to continue serving on this committee any different from the members serving on other interim committees who are affected by your answer to question number 7?"

In addition to the foregoing questions, you have supplemented your request with the following information and questions:

"Supplementary to our previous letter on the above subject /Terms of members of the Legislature/ we need advice concerning the status of the office of Speaker of the House of Representatives during the interim period between November 1962 and January 1963.

"As you probably know the present Speaker, Mr. James A. Turman, did not seek re-election to the House of Representatives. In the Reapportionment Act his old district, No. 24, composed of Fannin County, is now a new district, No. 24, composed of Fannin and Hunt Counties.

" . . .

"1. Does Mr. Turman continue to be a member of the House of Representatives until his successor for the district takes his oath of

office as a member of the 58th Legislature?
If not, when does Mr. Turman cease to be a
member of the 57th Legislature?

"2. If you hold that Mr. Turman ceases
to be a member of the 57th Legislature on a
date prior to January, 1963, can he continue
to perform the administrative duties of Speaker
of the House until the new Speaker is selected?"

Section 4 of Article III of the Constitution of Texas provides:

"Sec. 4. The members of the House of
Representatives shall be chosen by the quali-
fied electors, and their term of office shall
be two years from the day of their election."

In construing the above quoted provisions, it was pointed
out in Attorney General's Opinion WW-963 (1960):

"It was held in Attorney General's Opin-
ions V-788 (1949), V-760 (1949) and 1298 (1914,
found in 'Reports and Opinions of the Attorney
General,' 1914-16, page 505), that the pro-
visions of Section 4 of Article III and Section
17 of Article XVI, above quoted, are to be con-
strued together and the term of office as a mem-
ber of the Legislature only expires after the
successor has duly qualified by taking the oath
of office.

"Under the provisions of Section 4 of Arti-
cle III of the Constitution of Texas, the succes-
sor may qualify on the day of his election. Thus,
assuming that the members of your committee are
reelected, they will serve during the term of of-
fice as members of the Legislature until the con-
vening of the 57th Legislature.

" . . .

"It is noted that the provisions of Arti-
cle 5429e govern the term of office of the
membership on an interim committee of the Legis-
lature, such as your committee, and in addition to
the provisions of Subdivision b, providing for

the termination of membership in the Legis-
lature, Subdivision c also provides that fail-
ure of such member to secure election to member-
ship in the Legislature for the next succeeding
term will result in termination of the membership
on the committee. Therefore, you are advised that
if any member of your committee is not reelected,
his membership will cease when the canvass of the
returns of the General Election reveals that he
has not secured election to membership in the
57th Legislature."

The 57th Legislature amended Article 5429e of Vernon's
Civil Statutes, referred to in Attorney General's Opinion WW-
963, so as now to provide:

"The membership of any duly appointed
Senator or Representative on the Legislative
Budget Board or on the Legislative Council, or
on any other Interim Committee, shall, on the
following contingencies, terminate, and the vacan-
cy created thereby shall be immediately filled
by appointment for the unexpired term in the same
manner as other appointments to the Legislative
Budget Board, the Legislative Council, or the
other Interim Committee, as the case may be, are
made:

"(a) Resignation of such membership;

"(b) Cessation of membership in the
Legislature for death or any
reason."

It is noted that Subdivision c has been removed from
the provisions of Article 5429e and membership on an interim
committee does not now cease until the termination of his mem-
bership in the Legislature (or until resignation of member-
ship of the committee).

Section 24 of Article III of the Constitution of Texas
provides as follows:

"Sec. 24. Members of the Legislature shall
receive from the Public Treasury an annual sal-
ary of not exceeding Four Thousand and Eight
Hundred Dollars ($4,800) per year and a per diem

of not exceeding Twelve Dollars ($12) per
day for the first one hundred and twenty
(120) days only of each Regular Session and
for thirty days (30) of each Special Session
of the Legislature. No Regular Session shall
be of longer duration than one hundred and
forty (140) days.

"In addition to the per diem the Mem-
bers of each House shall be entitled to mile-
age in going to and returning from the seat
of government, which mileage shall not exceed
Two Dollars and Fifty Cents ($2.50) for every
twenty-five miles, the distance to be computed
by the nearest and most direct route of travel,
from a table of distances prepared by the Comp-
troller to each county seat now or hereafter to
be established; no Member to be entitled to mile-
age for any extra Session that may be called with-
in one (1) day after the adjournment of the Regu-
lar or Called Session."

In construing the provisions of Section 24 of Article
III of the Constitution of Texas, it was held in Attorney
General's Opinion WW-1046 (1961):

"An answer to your third and fourth ques-
tions depends on the date that an individual
qualified as a member of the Legislature. In
other words, if an individual member of the 57th
Legislature qualified prior to canvassing of the
returns of the election held on November 8th,
1960, he would be entitled to the compensation
provided in Section 24 of Article III, as amend-
ed, until his successor qualifies for office. On
the other hand, if an individual member did not
qualify until some date subsequent to the canvass-
ing of the returns of the General Election held
on November 8th, 1960, his predecessor in office
would be entitled to the compensation provided for
in Section 24 of Article III of the Constitution
of Texas, as amended, until such time as the suc-
cessor of such individual had qualified.

"You are, therefore, advised in answer to
questions Nos. 3 and 4, a newly elected member
of the Legislature who did not qualify until
- the convening of the 57th Legislature would not
be entitled to the constitutional salary prior

to the date of his qualification, but the hold-over member whom the newly elected member succeeded would be entitled to the constitutional salary prior to the date his successor qualified.

"Summarizing our holding herein you are advised that members of the Legislature are entitled to the constitutional salary, per diem and expenses provided therein, from the effective date of the amendment adopted at the election held on November 8th, 1960 (to-wit: November 25, 1960, the date of the canvassing of the returns). Newly elected members are entitled to the constitutional salary when they qualify for office and may not receive the constitutional salary for any period of time prior to the date they qualify for office. Hold-over members are entitled to the constitutional salary from the date of the canvassing of the returns of the General Election held on November 8th, 1960. Members of the Legislature who were not reelected to office will receive the constitutional salary from the date of the canvassing of the returns of the General Election of November 8th, 1960, to the date that the newly elected member qualifies for office."

In view of the provisions of Section 4 of Article III of the Constitution of Texas and the provisions of Article 5429e, Vernon's Civil Statutes, above referred to in Attorney General's Opinion WW-963, your questions are answered as follows:

1. The earliest date a newly elected Member of the 58th Legislature can qualify for office by taking the oath prescribed by the Constitution is the date of canvassing the returns of the General Election held on November 6th, 1962. Section 4 of Article III of the Constitution of Texas; Attorney General's Opinions WW-963 (1960) and WW-1046 (1961).

2. The annual salary of a Member of the Legislature begins on the date he qualifies for office. Attorney General's Opinions WW-963 (1960) and WW-1046 (1961).

3 and 4. The salary of a Member of the 57th Legislature who is not reelected ceases on the date his successor qualifies for office. Attorney General's Opinions WW-963 (1960) and WW-1046 (1961).

5. Section 3 of House Bill 349, Acts of the 57th Legislature, Regular Session 1961, ch. 256, p. 544 at page 548 (the Redistricting Act) provides:

"This Act shall become effective for the elections, Primary and General, for all Representatives, from the places herein specified and described, to the Fifty-eighth Legislature and continue in effect thereafter for succeeding Legislatures; provided specifically that this Act shall not affect the membership, personnel or districts, of the Fifty-seventh Legislature; and provided further, that in case a vacancy occurs in the office of any Representative of the Fifty-seventh Legislature by death, resignation, or otherwise, and a Special Election to fill such vacancy becomes necessary, said election shall be held in the District as it now exists."

In view of the foregoing provisions, a Member of the 57th Legislature whose district was officially abolished by the foregoing Act continues to hold office until the newly elected Member from the area now covered by the 1961 Act qualifies for office.

6. During the period from November, 1962, to January, 1963, the salaries of Members of the Legislature continue to be paid on a monthly salary basis. Of course, when a newly elected Member qualifies during this period of time, the former Member is entitled to the annual salary until the date his successor qualifies and thereafter the newly elected Member is entitled to the salary from the date he qualifies. Attorney General's Opinion WW-1046 (1961). In this connection, we call your attention to the provisions of Section 2 of Article III of the Constitution of Texas, which provides that the number of Representatives in the House of Representatives shall never exceed one hundred and fifty. Therefore, you are advised there can never be more than one hundred and fifty qualified Members of the House of Representatives at any time.

7. A member of an interim committee of the 57th Legislature ceases to be eligible to serve

on such interim committee on the date of the
cessation of his membership in the Legislature
(the date his successor qualifies for office
as a member of the Legislature).

8. A member of the House General Investi-
gating Committee ceases to be eligible to serve
on such interim committee on the date of the
cessation of his membership in the Legislature
(the date his successor qualifies for office as
a member of the Legislature).

In answer to your supplemental questions, it is noted that
prior to the enactment of House Bill 349, Acts of the 57th Legis-
lature, Regular Session 1961, chapter 256 (the Redistricting Act),
the Speaker of the House of Representatives, Mr. James A. Turman,
was elected as Representative of District 24, then composed of
Fannin County. This district is now a new district, No. 24,
composed of Fannin and Hunt Counties. Article 195, Vernon's
Civil Statutes, as amended.

In answer to your supplemental question No. 1, you are ad-
vised that our answers to questions contained in your original
request are equally applicable to Mr. Turman's membership in
the House of Representatives. You are, therefore, advised that
Mr. Turman continues to be a Member of the House of Representa-
tives until his successor for District No. 24, now comprising
Fannin and Hunt Counties, qualifies for office.

Section 9 of Article III of the Constitution of Texas pro-
vides in part:

"The House of Representatives shall, when
it first assembles, organize temporarily, and
thereupon proceed to the election of a Speaker
from its own members; . . ."

In view of the foregoing provisions, the Speaker of the
House of Representatives in order to be eligible to serve as
Speaker of the House of Representatives must be a member of the
House of Representatives. In view of the provisions of Section
17 of Article XVI of the Constitution of Texas, the Speaker con-
tinues to perform the duties of his office until his successor
shall be duly qualified. Therefore, you are advised in answer
to your second supplemental question that Mr. Turman continues
to perform the duties of Speaker of the House of Representatives
until a new Speaker is elected, unless he becomes ineligible to
serve as Speaker prior thereto by the newly elected Member of
the House of Representatives from District 24, composed of Fannin
and Hunt Counties, qualifying for office.

## SUMMARY

A newly elected Member of the Legislature may qualify for office and be entitled to the compensation provided in Section 24 of Article III of the Constitution of Texas from the date of his qualification for office as a Member of the Legislature. A newly elected member may qualify on the date of the canvassing of the returns of the General Election held on November 6th, 1962. Members of the 57th Legislature who are not re-elected cease to be eligible to serve on committees of the Legislature on the date that their successors qualify, and the earliest date on which they may qualify is November 23, after the Secretary of State has canvassed the returns of the General Election in the presence of the Governor and the Attorney General in accordance with the provisions of Article 8.38 of Vernon's Annotated Election Code.

The present Speaker of the House of Representatives continues to serve as Speaker until a new Speaker is elected, unless the present Speaker becomes ineligible by the newly elected Member of the House of Representatives from District No. 24, composed of Fannin and Hunt Counties, qualifying for office. Attorney General's Opinions WW-963 (1960) and WW-1046 (1961); Section 4 of Article III of the Constitution of Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Charles Lind
Paul Phy
Cecil Rotsch
Ernest Fortenberry

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore